HERGET, Judge
James R. Rice prosecutes this appeal from an opinion of the Civil Service Commission affirming a decision of the Louisiana Forestry Commission discharging appellant, a former employee of said Forestry Commission, on the grounds of unauthorized absence from duty and insubordination.
Mr. Rice sustained a disabling injury in the course of his employment with the Louisiana Forestry Commission on December 21, 1962. He was placed on sick leave until April 26, 1963. During the time he was on such leave appellant received full pay and, in addition, was paid workmen’s compensation benefits by the insurer, which he endorsed to his employer.
Appellant was under the treatment of a physician, Dr. Daniel M. Kingsley, who' reported Rice was able to return to his former duties on April 26, 1963. Despite said report of his doctor, Rice maintained he was unable to return to work. Whereupon, he was notified by the Administrative Assistant to the Forestry Commission that because of said report he, Rice, could no longer receive sick leave as he was no longer disabled and that it would be necessary that he be placed on annual leave. Rice agreed to execute the forms essential for application for annual leave. Whereupon, said forms were delivered to him. Despite his verbal consent to execute said forms, Mr. Rice, in accordance with advice given to him by his attorney wlm was handling his workmen’s compensation case, brought said forms to the office of the attorney. This attorney testified at the hearing of the Civil Service Commission that he had not attended to completing the forms and “ * * * much to my embarrassment at this time that I did not give them the attention they deserved. I did not even find out what they were. I was busy at the time and I laid them aside and told Mr. Rice that I would take care of whatever had to be taken care of. I then laid these aside in a basket on my *448 -desk, as lawyers so frequently do, or as this lawyer so frequently does and I didn’t look at them again until I next heard from Mr. Rice about the end of the month. ■* * *»
On May 29, 1963 Mr. Rice, having failed to report to work and having failed to sup,ply the Forestry Commission with executed forms of his request for annual leave, was ■notified of his removal from employment with the Louisiana Forestry Commission by letter, pursuant to the provisions of Civil Service Rules 12.1 and 12.3. The ■concluding portion of said letter reading:
“Therefore, because of your refusal to report for duty, your unauthorized absence from duty since May 17, 1963 and your insubordination in •refusing to sign annual leave slips on May 17, 1963, you are hereby advised •of your removal effective upon receipt of this letter.”
On the trial of the case before the Loui•siana Civil Service Commission it appears that Mr. Rice was in fact disabled from a •medical viewpoint to return to his former •employment and, accordingly, could not be reinstated as an employee of the Louisiana Forestry Commission.
The Civil Service Commission found Mr. Rice received the forms for applying for annual leave on May 17, 1963 and had failed to return said completed forms by May 29,1963, thus the Forestry Commission was justified in assuming no leave request would be filed by him. Under Rule 11.27 •of the Civil Service Rules, an appointing authority may grant an employee leave of absence without pay. However, such request must be made by the employee. Inasmuch as on May 29, 1963 Mr. Rice had not reported to duty, had not filed with the Louisiana Forestry Commission any applications for leave, his absence from duty was unauthorized and, accordingly, his removal was proper.
Affirmed.